32 C.C.P.A.(Patents)

**Application of CAREW.**

**Patent Appeal No. 5010.**

Court of Customs and Patent Appeals.

April 9, 1945.

Joseph H. Milans, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claim 18 in appellant's application for patent for an alleged invention relating to a paper drinking cup handle.

Four claims were allowed by the Primary Examiner.

The rejected claim reads:

"18. A paper drinking cup handle formed of a separate piece of flexible material and adapted to be attached to a cup in any of different locations on the outer face of the cup body vertically and circumferentially thereof within the relative sizes of the cup and handle, comprising a base portion for affixing the handle to the cup body, and oppositely disposed portions adapted to extend outwardly from said base portion into approximately parallel relationship and substantially spaced apart, said outwardly disposed portions possessing horizontally aligned openings of substantial size to allow for the passage of a forefinger through both of said portions whereby the cup will be suspended from a single finger, the spacing of the finger-engaging portions providing for said suspension at separated points on the finger defined by the spacing of said outer extending portions."

The reference is: Annen, 2,060,781, November 17, 1936.

Appellant's drinking cup handle is formed from a piece of flexible material, such as paper or paper board, which is separate from that of which the body of the cup is formed. It comprises a base portion, for adhesively attaching the handle to the cup at any desired location on the outer face of the cup body, and oppositely disposed portions extending outwardly from the base portion into parallel relationship and spaced substantially apart. The outwardly disposed portions possess horizontally aligned openings of such size that a forefinger may be passed therethrough. By such an arrangement the handle of the cup comes in contact with the forefinger at two points, which permits the cup to be held securely and prevents tipping. When not in use the outwardly disposed portions or members of appellant's handle lie against

the outer surface of the cup and conform to the curvature so that the cups may be stacked.

The patent to Annen discloses a paper cup having a handle made integral with the end of the blank from which the cup is formed. The patentee's handle has a base portion and oppositely disposed U-shaped members adapted to be extended outwardly from the base in parallel relationship and spaced substantially apart. The U-shaped members have horizontally aligned openings. Although the size of the openings is not stated in the patent, it appears from Figs. 1 and 2 of the patentee's drawings that they are of substantial size. Whether they are sufficiently large to permit the passing of a forefinger therethrough, does not appear. However, as stated by counsel for appellant, they are at least sufficiently large to facilitate "engagement of the fleshy parts of the opposing thumb and finger pressed somewhat into the apertured portions of the handle." The patentee's U-shaped members normally lie flat against the outer surface of the cup and conform to the curvature thereof, so that, when desired, the cups may, as stated in the patent, "be nested as completely as is possible with cups without handles." When in use, they are forced together and grasped by the thumb and forefinger.

It will be observed from what has been said that the difference between appellant's handle and that disclosed in the reference patent is that in the patent the apertures or openings in the U-shaped members, although of substantial size, apparently are not as large as the openings in the oppositely disposed members of appellant's handle. Furthermore, as hereinbefore noted, the patentee's handle is formed from the same piece of material as that forming the body of the cup, whereas appellant's handle is formed from a separate piece of material and, for that reason, may be attached to the cup at any desired location.

It is conceded in appellant's application that it is old in the art to form a handle from a piece of material separate from that of which the body of the cup is formed.

So, the real issue in the case, as we see it, is whether, in view of the disclosure in the Annen patent, the idea of enlarging the aligned openings or apertures in the patentee's U-shaped members so that a forefinger may be passed therethrough, thus permitting the cup to be securely supported at two points on one finger, involves invention. We are of opinion that it does not.

It is apparent that in the patentee's disclosure the handle could be held in precisely the same manner as is appellant's by merely enlarging the aligned openings in the U-shaped members. It is also apparent that appellant's handle can be grasped between the thumb and forefinger and held in precisely the same manner as the patentee's.

We have given careful consideration to the arguments presented here by counsel for appellant, but are of opinion that the tribunals of the Patent Office reached the right conclusion. Accordingly, the decision of the Board of Appeals is affirmed

Affirmed.